**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**ANTONIO WASHINGTON,**
    **Plaintiff,**

      **Vs.**                    **Case #2:06-CV-1082-MHT**

**BOB RILEY, et al.,**
    **Defendants.**

**ANSWER OF**
**SIDNEY WILLIAMS**

Comes now Sidney Williams, Chairman of the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

1)     Williams is absolutely immune from suit arising from the act of voting on whether to grant or deny parole.

2)     Williams is entitled to qualified immunity from the claims for damages herein. At all pertinent times, he exercised discretion, and he performed his duties according to law without violating clearly established law.

3)     The Complaint fails to state any claim against Williams upon which relief may be granted.

4)     The Complaint fails to state any claim against Williams under 42 U.S.C. §1983.

5)     The Complaint fails to state any claim against Williams for violating any provision of the U.S. Constitution.

6)     The Complaint fails to state any claim against Williams for imposing cruel and unusual punishment.

7)      The Complaint fails to state any claim against Williams for denial of equal

        protection.

8)      Williams expressly denies knowledge of any conditions or circumstances that

        would give rise to any duty on his part to take any action favoring Plaintiff.

9)      Williams expressly denies the existence of any duty on his part to take any

        action desired by Plaintiff.

10)     Williams expressly denies having any authority to change or affect the

        conditions existing in any prison.

11)     Williams has insufficient information to admit or deny the averments

        regarding conditions in any prison.

12)     There is no justiciable controversy between Plaintiff and Williams as to the

        conditions existing in the prison system.

13)     Plaintiff lacks standing to assert any claims against Williams.

14)     Plaintiff has not experienced any legally cognizable harm as a result of any act

        by Williams.

15)     Williams denies having voted in the most recent meeting at which Plaintiff

        was denied parole. That decision was made by a panel made of the Special

        Members whose term has now expired.

                        Respectfully submitted,

                        TROY KING
                        ATTORNEY GENERAL

                        GREGORY O. GRIFFIN, SR.
                        CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov


## CERTIFICATE OF SERVICE

I hereby certify that on 2-16-07, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the

following: (None), and I hereby certify that I have mailed by United States Postal Service

the document to the following non-CM/ECF participants:

**ANTONIO WASHINGTON
AIS# 197522
200 WALLACE DRIVE
CLIO, AL 35017**

Done this **16**th day of **February**, 2007.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTONIO WASHINGTON,
     Plaintiff,

       Vs.                Case #2:06-CV-1082-MHT

BOB RILEY, et al.,
     Defendants.

## SPECIAL REPORT OF
## SIDNEY WILLIAMS

Comes now Sidney Williams, Chairman of the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

### The Complaint

The Complaint seeks to plead claims under 42 U.S.C. §1983, averring that the Defendant State officials, acting under color of law, have deprived Plaintiff of rights protected under the laws of the United States, in that Defendants have allegedly permitted prison conditions to exist that amount to cruel and unusual punishment. The Complaint avers that Williams and Segrest have granted parole to some inmates, but not to others. It appears that the Complaint alleges that Williams and Segrest have based their decisions in part on whether some inmates have concerned family members and friends who can assist them in seeking rehabilitation. The Complaint also vaguely alleges that some form of corrupt contributions might be involved.

### The Parties

Washington is serving a fifteen year sentence for robbery first degree. He is currently scheduled to complete his sentence on 21 August 2013. The Board voted to withhold parole on 16 May 2006, and to schedule further consideration on this sentence

on the May 2008 docket. A panel made up of Special Members constituted the Board that voted on this action. Those members' term has expired, and their position no longer exists.

Bob Riley is the Governor of Alabama, and chief executive. Richard Allen is Commissioner of Corrections, a member of the Governor's Cabinet and head of an Executive Branch agency. Other Defendants appear to be employees of the Department of Corrections.

Sidney Williams is Chairman of the Board of Pardons & Paroles, a Legislative Branch agency of the State of Alabama. He is one of three members of the board that collectively decides which prisoners are suitable candidates for discretionary release. Segrest is retired from State service. At the time of his retirement, he was employed by the Board as its Executive Director. This is the senior merit system managerial position supporting the Board in preparing its dockets and supervising the offenders released under its authority. Segrest retired before this action was filed, and has not been served with process. He never had the authority, or any share of the authority, to decide whether any prisoner would be released on parole.

## Defenses

Williams is immune from the claim for monetary damages. He is absolutely immune from such litigation over his decision not to vote in favor of granting parole. He is qualifiedly immune from suit over his exercise of discretion, in the absence of evidence that he violated clearly established law. There is no controlling precedent indicating that Williams should know that it is unconstitutional for him to base his discretionary

decision, in whole or in part, on the support that a prisoner might have in his efforts to change his life for the better.

Williams has no lawful authority or control over the terms and conditions of incarceration in any prison. That authority rests with the Executive Branch. Williams has not attempted to usurp that authority. As a matter of law, he cannot be responsible for the management decisions made by officials in the Department of Corrections touching on the conditions of confinement. He has no specific knowledge of the conditions in any particular prison, and can neither admit nor deny the averments pertaining to those conditions. He has no authority or duty to make any decision addressing those alleged conditions.

Williams has taken no action that deprived Hendon of any right, privilege or immunity protected by the laws of the United States. Williams has taken no action that is unlawful. Williams has taken no action that a reasonable person in his position would believe to be unlawful. Williams has taken no action that violated clearly established law.

The Complaint fails to state any claim against Williams under §1983. The averments of the Complaint, even if taken as true, do not set forth a claim that Williams imposed any punishment on Plaintiff. Punishment is imposed by the courts and carried out by prison officials; parole boards decide whether and when to ameliorate that punishment by allowing early release from incarceration. Plaintiff has alleged that he has been treated differently than other prisoners who have the support of family and friends who will assist in their return to society. It is reasonable for a parole board to do so. It is rational to believe that offenders with a viable social support system are more likely to succeed on parole than those offenders who lack that support. This rational classification

does not violate the Equal Protection Clause. There is no rational basis for Plaintiff's naked assertion that bribes can facilitate a prisoner's release on parole. That averment is expressly denied, but even if it were credible, that would not mean that Plaintiff would have standing to sue. He is alleging that criminal conduct benefited others, not that it harmed him. The denial of discretionary parole is not a legally cognizable harm.

There is no justiciable controversy between Plaintiff and Williams.

Segrest retired before this action was filed, and has not been served with process. Even so, he is protected by various immunity doctrines. Furthermore, there is no plausible factual or legal connection between him and the harms Plaintiff claims to have suffered.

## Conclusion

Williams is entitled to be dismissed from this action, with prejudice. Segrest would also be entitled to dismissal with prejudice, but he has not yet been properly joined as a party, because he has not been served with process.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 2-16-07, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**ANTONIO WASHINGTON**
**AIS# 197522**
**200 WALLACE DRIVE**
**CLIO, AL 35017**

Done this **16**[th] day of **February**, 2007.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTONIO WASHINGTON,
    Plaintiff,

      Vs.                      Case #2:06-CV-1082-MHT

BOB RILEY, et al.,
    Defendants.

ANSWER OF
SIDNEY WILLIAMS

Comes now Sidney Williams, Chairman of the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

"My name is Sidney T. Williams. I am employed by the State of Alabama. I serve as the Chairman of the Alabama Board of Pardons and Paroles. The powers and duties of that Board are defined by statute. The Board performs functions and exercises powers that were transferred, by constitutional amendment, from the Governor to the Legislature in 1939.

"The Board is a separate agency from the Department of Corrections, and has separate and distinct powers and responsibilities. The Board has no authority over the administration of the prison system. I do not have, and have not attempted to exercise, any authority over the administration of any prison. Before he retired, William Segrest worked directly under this Board as our Executive Director. His role was to assist us in administering our

agency. He did not have, and did not attempt to exercise, any control over the operation of any prison.

"I do not have direct knowledge of the conditions in any prison. Even if I did, I do not have the authority to direct any changes in policies, practices, procedures or operations in the prison system.

"I have not based my parole decisions on any factor that I did not consider relevant to an assessment of the prisoner's likelihood to succeed on parole. The availability of a credible, viable social support system, such as family and friends, is a legitimate factor in assessing the prisoner's likelihood of success. Obviously, the prisoner's prior social and criminal history can have some bearing on this assessment, and his conduct in prison can shed some light. For example, disciplinary records may indicate the prisoner's willingness to cooperate, and serious disciplinaries may also raise concerns about the risks a prisoner may present.

"Antonio Washington, AIS #197522, is serving a fifteen year sentence. The Board recently voted not to parole him. No member was satisfied that he presented a suitable risk. He will be considered again before he completes his sentence. I was not a member of the panel that considered this matter.

"I have not received any 'funds contributed to' me to encourage me to parole any prisoner. I have no reason to believe that either of my colleagues has been offered any such incentive to affect their exercise of discretion.

"I have taken no action that I had any reason to consider unlawful, unconstitutional or improper. I have attempted to exercise my discretion in the best interest of the public, in order to release prisoners who are likely to succeed and to leave in prison those who have not yet offered satisfactory indications that they are likely to succeed. In fact, I have not taken any action at all in this case. This prisoner has not been considered by any panel on which I served."


**SIDNEY T. WILLIAMS**
**CHAIRMAN**


**SWORN TO AND SUBSCRIBED** before me this _14th_ day of
_February_____ 2007.

**NOTARY PUBLIC**
**Commission Expires:** _10/10/08_____