IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO WASHINGTON, #197522 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-1082-MHT |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

COME NOW Defendants Barbour County Health Department and Beverly Spivey to respond to the plaintiff's amended complaint as follows:

1. The Defendants deny each and every material allegation made against them and demand strict proof thereof.

2. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

3. The Plaintiff has failed to allege a prima facie case of discrimination under Title

4. Punitive damages are not allowable against the Defendants. *See* 42 U.S.C. § 1981(b)(1).

5. The Plaintiff does not have a separate cause of action under 42 U.S.C. § 1981 against the Defendants who are state actors. *See* Jett v. Dallas Independent School District, 491 U.S. 701 (1989), and Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000).

6. The Defendants are entitled to qualified immunity.

7. Neither states nor their officials in their official capacities are "person[s]" for the purposes of an action under 42 U.S.C. § 1983; no claim is permitted against states

and state agencies. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

8. The Plaintiff's claims are barred by the Eleventh Amendment. *See* Kimel v.Florida Bd. of Regents, 528 U.S. 62 (2000).

9. The Eleventh Amendment prohibits 42 U.S.C. § 1983 claims against agencies of the State of Alabama, as well as official capacity claims brought against officers and employees of the State of Alabama. *See* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)("[A] suit in which the State or one if its agencies or departments is named as defendant is proscribed by the Eleventh Amendment.... This jurisdictional bar applies regardless of the nature of the relief sought."), and Kentucky v. Graham, 473 U.S. 159, 169 (1985)("[T]he Eleventh Amendment bars a damages action against a State in federal court.... This bar remains in effect when State officials are sued for damages in their official capacity.").

10. The Defendants did not violate any provision of the Alabama or United States Constitution or any clearly established law.

11. The Defendants did not intentionally discriminate against the Plaintiff in violation of any applicable federal of state law.

12. The Defendants are entitled to sovereign immunity.

    Respectfully submitted,

    **/s/ P. Brian Hale**
    P. Brian Hale (HAL072)
    Assistant Attorney General

    Alabama Department of Public Health
    P.O. Box 303017
    Montgomery, Alabama 36130-3017

                              Phone: (334) 206-5209
                              Fax: (334) 206-5874

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2007, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record. I also hereby certify that I have this date served a copy of said filing on the Plaintiff by placing a copy of same in the United States Mail, postage prepaid, to the following address of record.

    Antonio Washington, #197522
    Easterling Correctional Facility
    200 Wallace Drive
    Clio, AL 36017

                                **/s/ P. Brian Hale**
                                P. Brian Hale (HAL072)